**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

ROSHAUN QUARLES                                                                           PLAINTIFF

v.                                                            CIVIL ACTION NO. 5:18-CV-P7-TBR

BRAD BOYD et al.                                                                         DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

Plaintiff, *pro se*, filed a *pro se* 42 U.S.C. § 1983 complaint.  This matter is before the

Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the

following reasons, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues the following Christian County Jail (CCJ) employees in their official

capacities:  Jailer Brad Boyd, Mr. Howard, Sgt. McIntosh, and Mr. Woods.  Plaintiff alleges that

while he was an inmate at CCJ, Defendants forced him to sleep on the floor with a less than 2-

inch thick mat and only one blanket.  He also alleges that he was exposed to mold on the cell's

walls and baseboards and was not provided bleach to clean it.  He further alleges that the food

provided by Defendants was not nutritionally adequate.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either

in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, all of Plaintiff's claims involve the conditions of his confinement at CCJ. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind--one of deliberate indifference. *Farmer v.*

*Brennan*, 511 U.S. 825, 834, 842 (1994). In the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

With regard to Plaintiff's allegations that Defendants forced him to sleep on the floor with a less than 2-inch thick mat, a prisoner has no right to sleep on an elevated bed. *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986); *see also Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Edwards v. Warren Cty. Reg'l Jail*, No. 1:17-CV-P137-GNS, 2018 WL 445115, at *4 (W.D. Ky. Jan. 16, 2018) (finding that "a prisoner has no right to sleep on an elevated bed").

Nor does Plaintiff allege a constitutional violation simply by alleging that he was provided only one blanket. There is no constitutional violation unless the challenged jail conditions have resulted in "the deprivation of a single, identifiable human need such as . . . warmth . . . -- for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Plaintiff makes no such allegation.

Plaintiff's allegations that he was exposed to mold on the cell's walls and baseboards and was not provided bleach to clean it also fail to allege a § 1983 claim. Plaintiff does not allege that he suffered any injury as a result of the mold. Without alleging an injury, Plaintiff has not stated a claim under the Eighth Amendment. *See, e.g.*, *Turner v. George*, No. 1:13-cv-0142, 2014 WL 49594, at *3 (M.D. Tenn. Jan. 7, 2014). "The mere allegation of the presence of some mold does not create a condition 'intolerable for prison confinement.'" *Lyons v. Wickersham*, No. 2:12-CV-14353, 2012 WL 6591581, at *4 (E.D. Mich. Dec. 18, 2012) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). Moreover, "some exposure to black mold is a risk that

society has chosen to tolerate." *McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at \*3 (W.D. Mich. Sept. 10, 2007) (citing *Brady v. State Farm Fire & Cas. Co.*, No. 05-30716, 2006 WL 551388, at \*3 (5th Cir. Mar. 8, 2006) (per curiam); *Board v. Farnham*, 394 F.3d 469, 486 (7th Cir. 2005)).

Finally, Plaintiff simply alleges that the food he was given at CCJ was not nutritionally adequate. This broad allegation, without more detail, is insufficient to support a § 1983 claim. *See, e.g.*, *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 216 (6th Cir. 2001) (rejecting Eighth Amendment claim based on assertion that the plaintiff received only one cup of fruit as one of the six meals he received in one day); *Jackson v. Aramark*, No. 3:17-CV-P322-DJH, 2017 WL 3176284, at \*3 (W.D. Ky. July 26, 2017) (finding that broad allegation that prison food was "not nutritionally adequate, no well-balanced meals" insufficient to support a constitutional claim); *Witschi v. N.C. Dep't of Pub. Safety*, No. 1:14-cv-68-FDW, 2014 WL 3735135, at \*2 (W.D.N.C. July 29, 2014) (finding no Eighth Amendment claim despite Plaintiff's allegation that he was not being fed a sufficient diet because he did not allege facts suggesting that his health had deteriorated as a result of his diet regimen).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Christian County Attorney
4413.009